This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38049**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TITO LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

# MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals the district court's order affirming his conviction in the metropolitan court for driving while intoxicated (DWI). We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant contends that the metropolitan court erred in determining that the time for his trial pursuant to Rule 7-506 NMRA had not elapsed, and that his case should have been dismissed. [CN 1] Specifically, Defendant contended in his

docketing statement that Rules 7-506 and 7-506.1 NMRA do not operate to toll the 182-day time limit between the dismissal and refiling of charges in these circumstances, where the case is dismissed as a sanction against the State. [CN 2] Our notice of proposed disposition proposed to affirm, as the district court issued a thorough, well-reasoned memorandum opinion, presenting the facts and arguments of the case and the district court's analysis in response thereto. [CN 2] We proposed to agree with the district court in its factual presentation, analysis, and conclusion, and proposed to adopt the district court's memorandum opinion for purposes of this appeal. [CN 2]

{3}     In his memorandum in opposition, Defendant continues to assert that "[i]n effect a dismissal as a sanction just gives the prosecutor more time and therefore does not sanction her for dilatory prosecution after all[,]" and that "a sanction of dismissal simply results in a de [facto] continuance for the prosecutor." [MIO 2-3] In support of his position, Defendant relies on one out-of-jurisdiction dissent, which is not binding on this Court. [MIO 2] However, Defendant does not argue, and we are not persuaded, that the trial court or district court erred in applying the rules to the present case. In fact, Defendant refers to the trial court being "hamstrung by the rules[,]" which appears to acknowledge that the trial court applied the rules correctly. [MIO 1]

{4}     Therefore, Defendant has failed to demonstrate error by the district court. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement).

{5}     Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**